IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIAM BOGGS,

    Petitioner,

vs.                                    No. 07-2079-JDB/sta

BRUCE PEARSON,

    Respondent.

ORDER TO FILE AN IN FORMA PAUPERIS MOTION
OR PAY $5 FILING FEE
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On February 6, 2007, Petitioner William Boggs, prison registration no. 06968-084, who is incarcerated as an inmate at the Federal Correctional Institution ("FCI") in Memphis, Tennessee, filed a petition under 28 U.S.C. § 2241.

A habeas petition carries a filing fee of five dollars ($5.00). In this case, Petitioner has neither paid the habeas filing fee nor submitted a motion to proceed in forma pauperis. Petitioner is, therefore, ORDERED, within thirty (30) days of the date of entry of this order, to either submit a properly completed in forma pauperis affidavit or pay the five dollar ($5.00) habeas filing fee. Failure to timely comply with any requirement of this order may result in the imposition of sanctions without further notice.

Petitioner pled guilty to possessing a firearm after his conviction for a felony and while he was an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(1), (3), in the United States District Court for the Western District of Virginia. On January 30, 2002, Boggs was sentenced to 180 months imprisonment, along with a five-year term of supervised release. Exhibit to Complaint, Docket Entry (D.E.) #1, Judgment of Conviction. Because Boggs had at least three previous convictions for violent felonies, committed on occasions different from one another, his sentence was enhanced under the Armed Career Criminal Act of 1984. United States v. Boggs, 2002 WL 91369 at **1 (W.D. Va. Jan. 23, 2002).

Boggs contends that based upon the decision of the United States Supreme Court in United States v. Booker, 530 U.S. 466 (2005), the Bureau of Prisons ("BOP") is incorrectly calculating his sentence because he is not receiving good time credit and has not been scheduled for a parole hearing although he has served more than one third of his sentence. Boggs is emphatic that, although he "mentions Booker, in this petition, he is not raising a Booker claim .... seeking to set aside an enhancement or to change his sentence based on a Booker violation." (D.E. #1, footnote 1, p. 6)

Petitioner claims that he utilized the administrative remedy process, but his requests were "unanswered/denied." (D.E. #1, p. 9) The exhibits attached to the complaint, a request for administrative remedy, a regional administrative appeal, two inmate requests to staff, and a letter to Harley Lappin include no

2

responses. The exhibits contain Petitioner's statements that "he has received no answer" and "has yet to get a [sic] answer from anyone."

To obtain federal habeas review of the execution of a federal sentence, a prisoner must first exhaust his administrative remedies through the BOP. <u>United States v. Westmoreland</u>, 974 F.2d 736, 737-38 (6th Cir. 1992); <u>see</u> <u>also</u> <u>Davis v. Keohane</u>, 835 F.2d 1147 (6th Cir. 1987)(requiring exhaustion of administrative remedies within BOP before pursuing habeas relief); <u>Little v. Hopkins</u>, 638 F.2d 953 (6th Cir. 1981) (same). Pursuant to the BOP's administrative remedy program, 28 C.F.R. §§ 542.10-542.19, the warden has the initial responsibility for responding to grievances, <u>id.</u>, § 542.11(a). An inmate who is not satisfied with the warden's response may appeal to the BOP's regional director "within 20 calendar days of the date the Warden signed the response" and, thereafter, to the general counsel of the BOP "within 30 calendar days of the date the Regional Director signed the response." <u>Id.</u> § 542.15(a). According to the regulations, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." <u>Id.</u> § 542.18.

Boggs allegations and exhibits demonstrate that he has not fully exhausted his administrative remedies.[1] He is not entitled to relief under 28 U.S.C. § 2241 and the petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by prisoners seeking review of federal agency determinations under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir.

---

[1] Furthermore, Booker has not been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 542 U.S. 348, 351-58 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989)(using a three-step analysis with two exceptions to determine whether a rule of criminal procedure applies to cases on collateral review).

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court determined that its holding in Blakely v. Washington, 542 U.S. 296 (2004), applies to the Sentencing Guidelines. Booker, 543 U.S. 242-244. The Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past").

Applying these standards, the Sixth Circuit has held that Booker issues cannot be raised initially in a motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Booker does not provide Boggs any basis for relief in any forum and it is clear that the BOP is not required to alter the manner in which Boggs sentence is being executed based upon its holding.

1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2]

Petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. As the complaint is being dismissed for Petitioner's failure to exhaust administrative remedies, an appeal would also be subject to dismissal due to Petitioner's failure to exhaust his claims. There is no good faith basis for any appeal in this matter. It is

---

[2] See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

5

therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 22nd day of January, 2008.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE